J. M. Miller v. Phenix Insurance Co., of Brooklyn, New York.

1. PARTNERSHIP—*Partners Liable for Torts Committed by Them Within the Scope of the Partnership Business.*—Partners are liable for torts committed by them or either of them within the scope of the partnership business.

2. SAME—*Partner's Refusal to Pay Over to Owner, Money Collected by Firm, is a Tort.*—The refusal of a partner on demand to pay over money which his firm has collected for a person, is a tort.

3. APPEALS—*When Taken for Delay.*—When an appeal is prosecuted solely for the purpose of delay, damages not exceeding ten per

Miller v. Phenix Ins. Co.

cent of the judgment may be taxed against the appellant in favor of the appellee under section 22, chapter 33, R. S.

**Transcript from a Justice of the Peace.**—Appeal from the County Court of Cook County; the Hon. RICHARD S. FARRAND, Judge presiding.   Heard in this court at the October term, 1902.   Affirmed.   Opinion filed October 8, 1903.

J. MARION MILLER, attorney for appellant.

SAMUEL J. SHAEFFER, attorney for appellee.

If several persons jointly committed a tort, the plaintiff has his election to sue all or some of the parties, or one of them, separately.   Fisher v. Cook, 23 Ill. App. 624; Fisher v. Cook, 125 Ill. 280; St. Louis Bridge Co. v. Miller, 138 Ill. 465; Sexton v. Carley, 47 Ill. App. 318; Baldwin v. Bradley, 69 Ill. 36.

Partners are liable jointly and severally for torts committed by them, or either of them, in the scope of the partnership business.   Wisconsin Central R. R. Co. v. Ross, 142 Ill. 11.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee brought suit in a justice court against appellant, where a trial before a jury of six men resulted in a verdict finding the defendant guilty of the unlawful conversion of $35.77 lawful money, the property of the appellee, of the value of that amount, and assessing its damages for the same amount, on which judgment was rendered, from which appellant here appealed to the Circuit Court, where a second trial was had before the court and a jury, which resulted in a verdict finding " the defendant guilty," and assessing the plaintiff's damages at the sum of $30.60, on which the court rendered judgment, from which this appeal is taken.

At the close of all the evidence, there being none offered on behalf of appellant, he asked an instruction directing the jury to return a verdict in his behalf, which the court refused to give.   This, it is claimed, was error, and that the court also erred in rulings upon the admission of evidence.   The principal contention for appellant is that the

action is trover, and if not trover, then it is assumpsit, and in either case that the evidence is insufficient to support the judgment.

The suit being begun before a justice of the peace, there are no written pleadings, and it is immaterial what was the form of the verdict of the justice jury, or in the Circuit Court. The question is whether the evidence presents a justification for the judgment in the Circuit Court, as to the form of which no complaint is made. In substance the evidence shows that the firm of Miller & Cooter, of which appellant was a member, was employed by appellee in July, 1896, to collect certain promissory notes owned by the latter, upon a commission of ten per cent; that said firm did collect on two notes delivered to it by appellee, under the contract referred to, the sum of $39.75, which, less the commission of ten per cent, Miller, on demand made in the year 1898 by an agent of appellee, refused to pay over. That appellant refused to make this payment is nowhere disputed, and we think it clear, in view of the evidence stated, that the judgment is correct. The contention of appellant that if there is any liability shown it is that of the firm of Miller & Cooter jointly, and not of Miller alone, is not tenable. The evidence shows that Miller & Cooter are liable, and if the latter had been a party, a joint judgment against them could be sustained; but this would not relieve Miller. His refusal on demand to pay over money which his firm had collected for appellee was a tort. Cooley on Torts (2d Ed.), 510; Parsons on Partnership (3d Ed.), 167 and 170; Story on Partnership (7th Ed.), Secs. 166 and 167; Bishop on Non-Contract Law, Sec. 406.

It is well settled that partners are liable for torts committed by them or either of them within the scope of the partnership business. R. R. Co. v. Ross, 142 Ill. 11–15, and cases cited, and authorities cited *supra*.

The collection of this money and the refusal to pay it over by Miller was clearly within the scope of the firm business of Miller & Cooter.

Complaint is made that the court erred in the admission

in evidence of the contract herein above referred to between appellee and the firm of Miller & Cooter, and of one of the notes delivered to said firm for collection and collected by it. We think the contract was proper to be received in evidence as tending to show the relation of the parties, and that the note was properly received because the indorsements thereon tend to establish its payment. The proceeds of this note were a part of the money demanded of Miller, and which he refused to pay to appellee. In any event the admission of these two documents in evidence could not have prejudiced appellant.

We think it apparent from the whole record, that the appeal herein was taken only for delay, and that under the statute (Ch. 33, Sec. 23) there should be assessed against appellant damages not exceeding ten per cent of the amount of the judgment against him.

The judgment is affirmed, with $3 statutory damages.